IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH-EDWARD HEITMAN, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV-07-150-E-BLW |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STONE CREEK FUNDING ) | |
| CORPORATION, MATT KLEASS, ) | |
| BRENTON REAM, MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., FIRST IDAHO ) | |
| TITLE COMPANY, NORTHWEST ) | |
| TRUSTEE SERVICES, INC., TODD ) | |
| HENDRICKS, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in this case are a Motion to Dismiss for Insufficiency of

Service of Process and Failure to State a Claim upon Which Relief Can Be Granted

(Docket No. 15) filed by Defendants Northwest Trustee Services, Inc., and Todd

Hendricks; a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be

Granted (Docket No. 17) filed by Defendant Mortgage Electronic Registration Systems,

Inc.; and a Motion for a More Definite Statement (Docket No. 20) filed by Defendant

First Idaho Title Company.  The Court has preliminarily reviewed the pleadings in this

case, as well as the pending motions.  It appears that Plaintiff's Complaint and Amended

**ORDER 1**

Complaint are frivolous,[1] but the Court wants to provide Plaintiff with an opportunity to respond. As a result, the Court enters the following Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff shall have until **July 18, 2007**, in which to file a response to each of the pending motions. No party shall file any thing further while these motions are pending, and replies shall not be necessary unless requested by the Court. Plaintiff shall provide a copy of this order to all parties who have been served but who have not answered to give them notice that they are not

---

[1] It appears that Plaintiff is basing his claim on a frivolous legal theory, which renders his case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is relying on theories unsuccessfully propounded by others who are part of the "sovereign citizen" movement. These theories are generally advanced to challenge state and federal laws and state court judgments. They have been consistently rejected by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785.

**ORDER 2**

required to file an answer in this case unless the Court orders it after the pending motions are resolved. Plaintiff shall not file motions for default judgment in this case.

DATED: **June 29, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER** 3