IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH-EDWARD HEITMAN, | ) |
| | ) |
| Plaintiffs, | ) Case No. CV-07-150-E-BLW |
| | ) |
| vs. | ) **MEMORANDUM DECISION** |
| | ) **AND ORDER** |
| STONE CREEK FUNDING | ) |
| CORPORATION, MATT KLEASS, | ) |
| BRENTON REAM, MORTGAGE | ) |
| ELECTRONIC REGISTRATION | ) |
| SYSTEMS, INC., FIRST IDAHO | ) |
| TITLE COMPANY, NORTHWEST | ) |
| TRUSTEE SERVICES, INC., TODD | ) |
| HENDRICKS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Pending before the Court in this case are various motions ripe for adjudication. Having reviewed the parties' filings and the record in this case, the Court finds that oral argument is unnecessary. Accordingly, the Court enters the following Order.

### DEFENDANTS' MOTIONS TO DISMISS

**A.     Factual and Procedural Background**

Defendants Mortgage Electronic Registration Systems, Inc., Todd Hendricks, and Northwest Trustee Services, Inc., have filed Motions to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Docket Nos. 15 & 17). The facts underlying the claims are these.

**MEMORANDUM DECISION AND ORDER 1**

Plaintiff is the grantor of a Deed of Trust on a property in Bear Lake County. Defendant Northwest Trustee Services, Inc. (NWTS), was appointed successor trustee of the Deed of Trust. Defendant Todd Hendricks is an employee of NWTS. Defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Defendant Stone Creek Funding Corporation, is the original beneficiary of the Deed of Trust. MERS assigned the beneficial interest of the Deed of Trust to nonparty JP Morgan Chase Bank (JPMCB). Nonparty EMC Mortgage Corporation (EMC) is the loan servicing agent for JPMCB. *See Defendants' Motion to Dismiss*, Exhibits A-C (Docket No. 15).

On June 27, 2006, nonparty loan servicing agent EMC instructed trustee NWTS to begin a nonjudicial foreclosure proceeding of Plaintiff's real property secured by the Deed of Trust. NWTS sold the property to the highest bidder, which was beneficial interest holder JPMCB. *See id.*, Exhibit D. Apparently, the county sheriff is now attempting to evict Plaintiff from the property. In this lawsuit, Plaintiff appears to be alleging that Defendants engaged in fraudulent and unlawful activities in their dealings with him.

**B.      Standard of Law**

Defendants seek dismissal of Plaintiff's entire complaint. Federal Rule of Civil Procedure 12(b)(6) is a procedural mechanism whereby parties can test the legal sufficiency of the claims asserted in the complaint. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the

**MEMORANDUM DECISION AND ORDER 2**

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id.*

Before a district court can dismiss the complaint of a pro se litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). A court may dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**C.     Discussion**

   1.     First Cause of Action

Plaintiff's first cause of action is based upon 42 U.S.C. § 1986, 42 U.S.C. § 1985(1), and 18 U.S.C. § 1961. The Court reviews each statute to determine whether Plaintiff may proceed.

Title 42 U.S.C. § 1985(1) makes it illegal for two or more individuals to conspire to prevent a person from holding an office in the United States government or performing the duties of such an office. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985). Plaintiff has not alleged that he is a United States official, or that Defendants prevented him from seeking a position as a United States official. As a result, this claim

**MEMORANDUM DECISION AND ORDER 3**

is subject to dismissal.

Title 42 U.S.C. § 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *West v. County of Will*, 1985 WL 1774 (D. Ill. 1985). Because Plaintiff has failed to state sufficient allegations to show that he can maintain a claim under § 1985, he may not proceed on a § 1986 claim.

Title 18 U.S.C. § 1961 is a definitions section for the federal criminal Racketeer Influenced and Corrupt Organizations (RICO) statute. The RICO statute provides for a private cause of action for anyone injured by reason of a violation of the statute. *See* 18 U.S.C. § 1964(c).

Plaintiff's Complaint, however, does not contain any discernable factual allegations that would amount to the elements of a RICO crime or civil offense. Neither do any of Plaintiff's filings subsequent to the Motions to Dismiss provide any factual basis that would support amendment of his claims to assert a RICO cause of action. For example, the complete text of the first "Notice" Plaintiff filed after the first Motion to Dismiss was filed and after the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements" was provided to him states in full:

**MEMORANDUM DECISION AND ORDER 4**

> FOR THE **CLAIMANT: Ralph-Edward: Heitman** OF THE CASE-NUMBER-CV-07-150-BLW IS WITH THE CLAIM OF AN OATH VOLITION WITH THE **CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-SYNTAX** OF THE FIRST-HAND-KNOWLEDGE OF THE FACTS IN THE TRUTH BY THE **Ralph-Edward: Heitman**.

*Plaintiff's Notice* (Docket No. 19).

Subsequent filings are similarly nonsensical, even in the face of this Court's warning that his case appeared frivolous and a response to the Motions was necessary. *See Order of June 29, 2007* (Docket No. 23). The Court agrees with Defendant First Idaho Title Company's characterization of the Complaint and Amended Complaint:

> The Complaint filed by Plaintiff is so vague and ambiguous that no reasonable person could frame a responsive pleading to the same. It is impossible for this Defendant to determine what facts are being pled by the Plaintiff nor what relief is being sought.
> The wording of the Complaint itself is mere gibberish and an incoherent running of words together in such a fashion as to make it indecipherable.

*Defendants' Motion for a More Definite Statement* (Docket No. 20).

Plaintiff's references to federal admiralty and criminal statutes which have no applicability in a civil action demonstrate that he subscribes to the "sovereign citizen" movement, which is based upon a frivolous legal theory. Such theories are generally advanced to attempt to challenge state and federal laws and state court judgments.

These theories have been consistently rejected by the courts as frivolous. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d

**MEMORANDUM DECISION AND ORDER 5**

1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785.

Because allowing amendment would be fruitless given that Plaintiff has consistently submitted nonsensical pleadings and papers without any supporting factual allegations in all of his actions before this Court, the Court concludes that dismissal of this RICO claim is appropriate for failure to state a claim upon which relief can be granted.

    2.    <u>Second Cause of Action</u>

Plaintiff also cites 15 U.S.C. § 2301, which is a definitions section of the Consumer Product Warranties Chapter of the United States Code. Plaintiff also states the words, "Truth in Lending," seemingly referencing a statute which *does* provide for a civil remedy at 15 U.S.C. § 1640(a), but he includes no discernable factual allegations that would support such a claim. Rather, it is abundantly clear that he is resting his allegations on the sovereign citizen movement, which is a groundless theory. Therefore, this claim is subject to dismissal on 12(b)(6) grounds.

**MEMORANDUM DECISION AND ORDER 6**

3.	Third Cause of Action

Plaintiff refers to 18 U.S.C. §§ 1001 and 1002, which are criminal sections prohibiting individuals from making false statements or presenting false documents during the course of proceedings of the judicial, legislative, or executive branches of the federal government.  Plaintiff also references 18 U.S.C. § 1341, a mail fraud criminal statute.  Plaintiff has not provided any factual allegations that would support such causes of action.  Further, there is nothing in the law showing that a private cause of action may be brought upon these sections.  *See Anderson v. Wiggins*, 460 F.Supp.2d 1, 8 (D.C. 2006); *Luecke v. General Elec. Co.*, 2006 WL 1589619 (D. Wis. 2006); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979).

D.	**Conclusion**

Under the most liberal reading of Plaintiff's Complaint and Amended Complaint, the Court can discern no cognizable set of facts or legal theory upon which relief can be granted.  The Court previously advised Plaintiff that it appeared his case was founded upon the foregoing frivolous legal theory, and it invited him to file a response to the pending Motions to Dismiss to show why his case should not be dismissed as frivolous.  *See Order of June 29, 2007* (Docket No. 20).  Plaintiff has failed to file a response, but has filed various notices and a letter, which the Court has reviewed (Docket Nos. 25, 26, 29, 30, 31 & 32).

**MEMORANDUM DECISION AND ORDER 7**

Based on all of the foregoing reasons, the Court concludes that the Complaint and Amended Complaint are subject to dismissal under Rule 12(b)(6).  The Court need not reach Defendants' insufficiency of process arguments because his claims are subject to dismissal on the merits.  Because Plaintiff's claims are subject to dismissal on the merits, Defendants' Motion for a More Definite Statement (Docket No. 20) is MOOT.  The Court also concludes that allowing amendment would be futile because all of Plaintiff's claims are grounded on a frivolous legal theory, the sovereign citizen movement.  *See generally Lopez v. Smith*, 203 F.3d at 1130-31.  This reasoning and Order applies to claims against all Defendants, including those who have not yet been served.  Plaintiff's Complaint shall be dismissed with prejudice.

## OTHER PENDING MOTIONS

### A.   Plaintiff's Motions to Stay

Plaintiff asks this Court to stay his eviction from his former property for which the nonjudicial foreclosure action has already been completed.  The basis for his request is legally and factually nonsensical, as it is based upon inapplicable admiralty law and Plaintiff's allegations of numerous syntax errors in what appear to be state court and nonjudicial foreclosure documents.  The Motions to Stay shall be denied.

### B.   Defendants' Motion to Strike Plaintiff's Filings

The Court previously ordered Plaintiff to file a response to the pending Motions to Dismiss.  Plaintiff filed no response, but a series of notices instead.  Because the Court has liberally construed the notices as Plaintiff's response, the Motion to Strike them shall

**MEMORANDUM DECISION AND ORDER 8**

be denied. However, the Court agrees that it appears that Plaintiff has willfully failed to comply with this Court's Order of June 29, 2007, and the Court shall take up that matter in subsequent vexatious litigant proceedings that will be noticed hereafter.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docket No. 15 & 17) are GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Stay (Docket No. 5 & 33) are DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for a More Definite Statement (Docket No. 20) is MOOT.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion to Strike (Docket No. 27) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's case is DISMISSED with prejudice in its entirety.

DATED: **November 7, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER 9**